# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | |
| | ) | |
| vs. | ) | Case Nos. CIV-07-029-JHP |
| | ) | CR-03-107-JHP |
| LATRON NITCHELL JOLLY, | ) | |
| | ) | |
| Defendant/Petitioner. | ) | |

## ORDER

This is a proceeding initiated by the above-named petitioner who is currently an inmate at the Federal Correctional Institute in Texarkana, Texas. This action was initiated pursuant to the provisions of 28 U.S.C. § 2255. Petitioner contends that his detention pursuant to the judgment and sentence of the United States District Court for the Eastern District of Oklahoma Case No. CR-03-107-JHP is unlawful.

The Respondent filed a response by and through the United States Attorney for the Eastern District of Oklahoma. In addition, the court has reviewed the relevant trial court records associated with Case No. CR-03-107-JHP. The records reflect Petitioner was named in a four-count Indictment on November 14, 2003, charging him with four counts of Possession with Intent to Distribute Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii). On January 6, 2004, Petitioner appeared with counsel, waived his right to a jury trial, and entered a plea of guilty to Count I of the Indictment.

On September 10, 2004, Petitioner was sentenced to 120 months in the Bureau of Prisons. Following release from prison, Petitioner was ordered to serve 60 months on supervised release. Further, Petitioner was ordered to pay a $100.00 special assessment. The Judgment and Commitment was filed of record on September 15, 2004.

Following his conviction, Petitioner filed a direct appeal. On October 25, 2005, the Tenth Circuit Court of Appeals affirmed his conviction. *United States v. Jolly*, 151 Fed.Appx. 700 (10th Cir. 2005), *cert. denied*, --- U.S. ---, 126 S.Ct. 1410, 164 L.Ed.2d 109 (2006).

On January 25, 2007, Petitioner initiated this proceeding by filing a Motion to Vacate pursuant to 28 U.S.C. § 2255. Petitioner now raises the following issues: (1) his guilty plea was unconstitutional due to the court's failure to inform him of the correct minimum and maximum penalty for the offense to which he pled; (2) he was denied effective assistance of counsel in deciding whether to plead guilty because his attorney incorrectly advised him to enter a plea of guilty to avoid a life sentence; and (3) he was denied effective assistance of counsel during his sentencing proceedings due to counsel's failure to object to the penalty provisions contained within the presentence report. To the extent these issues were not raised on direct appeal, Petitioner asserts he was denied effective assistance of counsel on appeal.

## **GENERAL PRINCIPLES GOVERNING § 2255 ACTIONS**

Section 2255 is not a substitute for an appeal and is not available to test the legality of matters which should have been challenged on appeal. *U.S.A. v. Mohammad Rizwan Ali Khan*, 835 F.2d 749, 753 (10th Cir. 1987), *cert. denied*, 487 U.S. 1222 (1988). As a result, "failure to raise an issue either at trial or on direct appeal imposes a procedural bar to habeas review." *United States v. Cervini*, 379 F.3d 987, 990 (10th Cir. 2004) (quoting *United States v. Barajas-Diaz*, 313 F.3d 1242, 1245 (10th Cir. 2002). Failure to raise an issue on direct appeal bars the movant/defendant from raising such an issue in a § 2255 Motion to Vacate Sentence unless he can show "both good cause for failing to raise the issue earlier, and that the court's failure to consider the claim would result in actual prejudice to his defense, . . . ." *Id*. Since a writ of habeas corpus is an equitable remedy, a court may consider the merits of the procedurally barred claim if the defendant alternatively demonstrates "that 'failure to consider the federal claims will result in a fundamental miscarriage of justice.'" *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

In *United States v. Galloway*, 56 F.3d 1239, 1242 (10th Cir. 1995), the Tenth Circuit held claims of constitutionally ineffective counsel should be brought on collateral review. Consequently, no procedural bar will apply to ineffective assistance of counsel claims which could have been brought on direct appeal but are raised in post-conviction proceedings. A habeas petitioner may raise substantive claims which were not presented on direct appeal, however, if he can establish cause for his procedural default by showing he received ineffective assistance of counsel on appeal. A court considering a claim of ineffective

assistance of appellate counsel for failure to raise an issue is required to look to the merits of the omitted issue.

In *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court enunciated the legal standards which apply to claims of ineffective assistance of counsel in a criminal proceeding. First, the Court indicated that the defendant must establish that the representation was deficient because it fell below an objective standard of reasonableness under prevailing professional norms. In order to establish that counsel's performance was deficient, Petitioner must establish counsel made errors so serious that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.*, 466 U.S. at 687, 104 S.Ct. at 2064. Second, the defendant must establish that the deficient performance prejudiced the defense. *Id.*, U.S. at 687, S.Ct. at 2064. Failure to establish either prong of the *Strickland* standard will result in a denial of Petitioner's Sixth Amendment claims. *Id.,* 466 U.S. at 696, 104 S.Ct. at 2069-2070.

While ensuring that criminal defendants receive a fair trial, considerable judicial restraint must be exercised. As the Supreme Court cautioned in *Strickland*,

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all to easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must

4

> overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy." There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way.

*Id*., 466 U.S. at 689, 104 S.Ct. at 2065 (citations omitted).

In deciding whether counsel was ineffective, a court must judge the reasonableness of the challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. A defendant attacking an attorney's assistance must identify the particular acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment and then the court must determine, in light of all of the circumstances, whether the identified acts were outside the wide range of professionally competent assistance. *Id*., 466 U.S. at 690, 104 S.Ct. at 2066. Courts are free to address the performance and prejudice components in any order and need not address both where a defendant fails to make a sufficient showing of one. *Id*., 466 U.S. at 697, 104 S.Ct. at 2069.

Petitioner's main complaint is that he pled guilty to one count of knowingly and intentionally distributing cocaine base, which count involved 23.4 grams of cocaine base. Pursuant to the presentence report, however, he was held accountable for distributing a total of 82 grams of cocaine base and his base offense level was determined based on this higher quantity of drugs. Thus, Petitioner asserts the both the court and his attorney were incorrect in advising him that he was facing a sentence of 10 years to life. Even though he pled guilty, Petitioner asserts he would not have pled guilty if he had not been told he was facing a potential life sentence.

While it is true that Petitioner only pled to Count I of the Indictment, pursuant to U.S.S.G. § 1B1.3(a)(1)(A), a defendant is held accountable for all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured or willfully caused by the defendant that were part of the same court of conduct or common scheme or plan as the offense of conviction. Therefore, for purposes of guideline calculations, Petitioner's base offense level was properly determined based upon each drug transaction Petitioner had with the confidential informant from June 2 through July 16, 2003. Thus, Petitioner was held accountable for 82 grams of cocaine base.

Petitioner is correct, however, that based upon the count of conviction he was incorrectly advised as to the **statutory** punishment range for the count of conviction. Specifically, 21 U.S.C. § 841(b)(1)(A)(iii) contains the penalty range for an offense which contains 50 grams or more of a mixture or substance containing cocaine base. To the extent Count I alleged Petitioner knowingly and intentionally distributed 23.4 grams or more of a mixture or substance containing a detectable amount of cocaine base, Petitioner was subject to the penalty provisions contained in 21 U.S.C. § 841(b)(1)(B)(iii) which provide for a penalty of not less than 5 years nor more than 40 years. Simply because the indictment alleged the wrong penalty statute did not authorize the Court to sentence the defendant based upon the quantity of drugs which could be considered for purposes of guideline calculations. *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). *See also*, *United States v. Jones*, 235 F.3d 1231 (10th Cir. 2000) and *United States v. Santos*, 195 F.3d 549 (10th Cir. 1999) (mandatory sentencing directives in 21 U.S.C. § 841(b) are governed

solely by the drug quantities involved in the offense of conviction for which sentence is imposed) *abrogated on other grounds by Jones*, 235 F.3d at 1237. *But see*, *United States v. Jolly*, 151 Fed.Appx. 700, n. 3 (10th Cir. 2005).

Accordingly, this Court find Petitioner has established cause for not raising this issue on appeal, *i.e.* he received ineffective assistance of counsel. Petitioner alleges counsel advised him he was facing 10 years to life. This allegation has not been rebutted by the government. Rather, the government asserts Petitioner was subject to those same penalty provisions. Furthermore, at his change of plea hearing, the government and the Magistrate Judge advised Petitioner he was subject to not less then 10 years nor more than life and his attorney did nothing to advise the Court or his client differently. *See*, Transcript of Change of Plea Hearing held on January 6, 2004, at p. 7.[1] Additionally, at no time prior to sentencing or on appeal, did counsel argue that the defendant was not subject to a mandatory minimum sentence of 120 months based upon the statutory penalty provisions relevant to the count of conviction. Nor did counsel make an objection on this basis to the presentence report. Therefore, this Court finds Petitioner's Sixth Amendment right to counsel was violated and Petitioner's Motion to Vacate his sentence should be granted.

## CONCLUSION

For the reasons stated herein, this Court finds Petitioner's Motion to Vacate his criminal sentence in Case No. CR-03-107-JHP should be granted. Counsel shall notify this

---

[1] This transcript is filed in the companion criminal case as Docket No. 43.

Court as soon as possible, but in any event not later than thirty (30) days of this date whether defendant desires to withdraw his plea of guilty and have this matter set for jury trial or whether either party plans on appealing this Court's order. As soon as counsel so advises this Court, this matter will be set for further proceedings in Case No. CR-03-107-JHP.

    It is so ordered on this  17th  day of August, 2007.

                                      James H. Payne
                                      United States District Judge
                                      Eastern District of Oklahoma